**CENTRAL BROADCASTING CORPORA-TION, d/b/a WENO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 20554.

United States Court of Appeals, Sixth Circuit.

May 7, 1971.

---

Charles H. White, Nashville, Tenn., for petitioner; Charles Hampton White, Cornelius, Collins, Neal, Higgins & White, Nashville, Tenn., on brief.

Morton Namrow, National Labor Relations Board, Washington, D. C., for respondent; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Morton Namrow, Attys., N. L. R. B., Washington, D. C., on brief.

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

In this case Central Broadcasting Corporation petitions for review and the National Labor Relations Board has filed a cross-petition for enforcement of an order of the Board.

The Board's first findings pertain to § 8(a) (1) violations of the National Labor Relations Act, 29 U.S.C. § 158(a) (1) (1964), by the Central Broadcasting Corporation through its Operations Director, Fritz Niggeler, who prior to an NLRB election among the employees of the corporation repeatedly predicted unhappy results generally and loss of jobs specifically for union adherents.

Subsequent to the election, which the union lost by a 5–5 vote, there was a meeting between management representatives and the employee group which after some heated discussion in which the company rejected any wage increases, did result in an agreement that the meeting be resumed a week later. The company representatives indicated that no one would be discharged in the meantime and the employees indicated that they would continue to work. In fact none of the employees did report for work, and four of them were discharged.

In addition to finding the pre-election § 8(a) (1) violations referred to above, the Board also found that the employee refusal to work was protected concerted action and ordered the rehiring with backpay of three of the four who had been discharged. It also ordered a new election.

The facts presented by this case are not without difficulty. The Board argues that the doctrine of N. L. R. B. v. Washington Aluminum Co., 370 U.S. 9, 82 S.Ct. 1099, 8 L.Ed.2d 298 (1962), governs our decision in this matter. In that case the United States Supreme Court said, among other things:

"Although the company contends to the contrary, we think that the walk-

out involved here did grow out of a 'labor dispute' within the plain meaning of the definition of that term in § 2(9) of the Act, which declares that it includes 'any controversy concerning terms, tenure or *conditions of employment.* * * * *'

* * * * * *

"[I]t has long been settled that the reasonableness of workers' decisions to engage in concerted activity is irrelevant to the determination of whether a labor dispute exists or not. Moreover, the evidence here shows that the conduct of these workers was far from unjustified under the circumstances." NLRB v. Washington Aluminum Co., *supra* at 15, 16, 82 S.Ct. at 1103 (Emphasis in original.) (Footnotes omitted.)

The company relies upon the employees' promises to report for work and contends that refusal to work, in direct contravention of those promises, removed the "protective mantle" of Section 7 of the Act from their concerted activity. It argues that a strike in violation of the provisions of a bargaining agreement is not protected activity and that those who strike in violation of contract may be lawfully discharged, citing N. L. R. B. v. Sands Manufacturing Co., 306 U.S. 332, 59 S.Ct. 508, 83 L.Ed. 682 (1939).

The question is thus narrowed to whether, as the company contends, the employees' promises to report for work, and their subsequent failure to do so, constituted a violation of a binding, albeit oral, no-strike agreement. The Board considered this question and found that under all the circumstances the promises to report for work were not "clear and unmistakable" waivers of the right to strike. Timken Roller Bearing Co. v. N. L. R. B., 325 F.2d 746, 751 (6th Cir. 1963), cert. denied, 376 U.S. 971, 84 S.Ct. 1135, 12 L.Ed.2d 1285 (1964). We view the record as a whole as containing substantial evidence to support the Board's determination that there was no express waiver of the employees' statutory right under Section 7 to engage in "concerted activity for the purpose of * * * mutual aid or protection." (*See* N. L. R. B. v. Lion Oil Company, 352 U.S. 282, 293, 77 S.Ct. 330, 336, 1 L.Ed.2d 331 (1957)).

The petition for review is dismissed and the order of the National Labor Relations Board is enforced.